# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

IN RE                                          )
                                               )     Case No. 12-20828-TLM
DOUGLAS CARL JOHNS and                         )
JANINA JOHNS,                                  )     Chapter 7
                                               )
           Debtors.                            )
_____        )

## MEMORANDUM OF DECISION
_____

On July 10, 2012, Douglas and Janina Johns ("Debtors") filed a chapter 13 petition. Their case was converted to chapter 7 on May 1, 2013. Debtors claimed a homestead exemption in several separately described but contiguous parcels of real property in Juliaetta, Idaho. Banner Bank objected to Debtors' claimed homestead exemption. The parties stipulated to the facts and certain exhibits. Doc. No. 107.[1] The matter came on for oral argument on December 10, 2013. This Decision constitutes the Court's conclusions of law on the agreed factual record.

**FACTS**

Debtors own approximately 25 acres of real property in Juliaetta, Idaho. Pursuant to the Latah County assessor, that acreage consists of a number of

_____

[1] To the extent necessary to fill in procedural facts, the Court takes judicial notice of its record under Fed. R. Evid. 201.

MEMORANDUM OF DECISION - 1

separate parcels, however, the parties refer to the land as Parcel I (consisting of .67 acres and the home in which Debtors reside), Parcel II (consisting of a little over 1 acre, a house Debtors rent out to a family friend, a garden, riding area and a barn Debtors use to house one of their horses[2]), and Parcel III (consisting of 23.81 acres, a bigger barn Debtors use to house their remaining horses and livestock, riding areas and pastures).[3] The parcels were purchased separately, and originally belonged to Douglas Johns' parents.[4]

Debtors have owned this property, in its entirety (*i.e*, all three parcels), since 1980. During the majority of the time Debtors owned the property, Debtors'

---

[2] Debtors listed 7 horses, 12 chickens, and a dog and a cat on their Schedule B in their original schedules. *See* Doc. No. 22 at 14. Debtors later amended their schedules and those amendments do not list any animals. *See* Doc. No. 72 at 14. Banner Bank argues that because Debtors failed to list livestock on their amended schedules, they therefore cannot claim to use the land to care for and enjoy animals. However, there are two problems with this argument. First, the parties stipulated to the fact that Debtors own horses and chickens and use the various structures and acreage to house and care for those animals. Second, Banner Bank is mistaken in how debtor's schedules are amended, and its argument lacks merit. *See* LBR 1009.1 (requiring amendments to "be limited to the changed or additional information being offered and [] not include unaffected portions of the schedule or document being amended.").

[3] While the parties' stipulated facts state that the parcels are contiguous, they also provided a variety of maps and aerial views of the land. It appears Parcel II is contiguous to Parcel I, and Parcel III is contiguous to Parcel II. Parcel III is not directly connected to Parcel I. *See* Exs. 100-103, 201, 202 at p.23-29. Thus, if the Court were to find Parcel II was not properly included in Debtors' homestead exemption, Parcel III would not be contiguous to Parcel I and would necessarily also be excluded from the exemption.

[4] In Banner Bank's brief, Doc. No. 110 at p.7 n.12, it notes that the facts "seem to refer in error to Parcel I" when in fact they should refer to Parcel II when describing the origin of the various parcels and the dates they were acquired. However, as the parties agreed to seek a legal conclusion based on stipulated facts, to the extent those facts are in error, there is little the Court can do to remedy the problem. The Court was not given the opportunity to ask follow up questions or clarify any ambiguity or confusion from testimony or exhibits. Fortunately, the origin of the various parcels bears little weight on the legal issue the Court must decide.

MEMORANDUM OF DECISION - 2

mother lived in the home located on Parcel II. Since she passed away in 2000, the house has either been vacant or been occupied by family, friends or employees. It has at times provided income to Debtors; at the time Debtors filed their petition, the home on Parcel II was rented out to a family friend and Debtors were receiving rent. Despite having tenants in the home, Debtors have continued to use the outbuildings and pastures on Parcel II, primarily for their horses.

Banner Bank holds a consensual deed of trust on Parcel I. Banner Bank also obtained two default judgments against Debtors arising from commercial debts, and it recorded those judgments, creating judgment liens on all Debtors' real property in Latah County. Banner Bank attempted to execute on its default judgment, requesting the sheriff levy on Parcel II and Parcel III. In response, Debtors filed a declaration of homestead against Parcels I, II and III. Ex. 209.

One day before the scheduled sheriff's sale on Parcel II and Parcel III, Debtors filed their chapter 13 petition. In amended schedules, Debtors claim as exempt under Idaho Code § 55-1003, the "[i]mproved real property used as debtors residence, commonly described as 519 State Street and 525 State Street and all contiguous land, City of Juliaetta, County of Latah, State of Idaho[.]" *See* Doc. No. 56. Banner Bank timely objected. Rule 4003(b)(1).[5]

---

[5] The chapter 13 trustee did not object to this exemption. After conversion, the chapter 7 trustee objected to it, but later withdrew that objection. Doc. Nos. 87, 99.

MEMORANDUM OF DECISION - 3

**DISCUSSION AND DISPOSITION**

Upon the commencement of a bankruptcy case, all property in which the debtor has a legal or equitable interest becomes property of the bankruptcy estate, available for liquidation and distribution to creditors.  *See* § 541(a).  However, § 522(b)(1) allows individual debtors to exempt certain property from the bankruptcy estate, thereby shielding it from administration by a chapter 7 trustee. Because Idaho has "opted out" of the Code's exemption scheme, debtors in this state may claim only those exemptions allowable under Idaho law and those listed in § 522(b)(3).  Idaho Code § 11-609; § 522(b)(3).

A debtor's entitlement to exemptions is determined as of the petition date. *Culver, LLC v. Chiu (In re Chiu)*, 266 B.R. 743, 751 (9th Cir. BAP 2001)*; In re Carlson*, 2009 WL 2589161, at *2, 09.4 IBCR 131, 132 (Bankr. D. Idaho Aug. 20, 2009).  In Idaho, exemption statutes are liberally construed in favor of the debtor. *In re Wiley*, 352 B.R. 716, 718 (Bankr. D. Idaho 2006); *In re Kline*, 350 B.R. 497, 502, 05.3 I.B.C.R. 65, 66 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001)).  As the objecting party, Banner Bank bears the burden of proving Debtors' claim of exemption is not proper.  Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999)*; In re Katseanes*, 2007 WL 2962637, at *1, 07.4 IBCR 79, 79 (Bankr. D. Idaho Oct. 9, 2007).

MEMORANDUM OF DECISION - 4

Idaho Code § 55-1001(2) defines homestead as a "dwelling house or the mobile home in which the owner resides or intends to reside, *with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved* . . . . Property included in the homestead must be actually intended or used as a principal home for the owner." (emphasis added). Idaho Code § 55-1003 goes on to state, "A homestead may consist of lands, as described in section 55-1001, Idaho Code, *regardless of area*, but the homestead exemption amount shall not exceed . . . the sum of one hundred thousand dollars ($100,000)." (emphasis added).

This Court has previously allowed homestead exemptions where multiple parcels are involved. *See In re Zantman*, 261 B.R. 41 (Bankr. D. Idaho 2001) (allowing an exemption in multiple parcels); *In re Taylor*, 1995 WL 66330, 95 I.B.C.R. 74 (Bankr. D. Idaho Feb. 7, 1995) (allowing an exemption in multiple parcels when contiguous and debtors used "the property as one parcel"); *In re Millsap*, 122 B.R. 577, 91 I.B.C.R. 5 (Bankr. D. Idaho 1991) (allowing an exemption in multiple, contiguous parcels). The fact that property consists of multiple parcels or contains multiple structures is not necessarily determinative and may not even be relevant to the analysis as long as those parcels are contiguous, and occupied and used by Debtors as one parcel.

Moreover, this Court in *In re Egbert*, 2000 WL 33712213, 00.2 I.B.C.R.

MEMORANDUM OF DECISION - 5

104 (Bankr. D. Idaho June 13, 2000), concluded that a parcel of property that contained two residences, one of which was rented to tenants, qualified as a homestead. The Court there expressly disagreed with a prior decision, *In re Tiffany*, 106 B.R. 213, 214, 89 I.B.C.R. 221 (Bankr. D. Idaho 1989), in which the Court had previously concluded the Idaho statute "contemplates only one dwelling, subject to only one homestead claim of exemption, and the land on which it is situated." *See Egbert*, 2000 WL 33712213 at *2 n.1, 00.2 I.B.C.R. at 104 n.1 ("To the extent *Tiffany* can not be distinguished . . . , this Court must respectfully disagree with the construction given the statute by that Court."). Given that exemptions are to be construed liberally and there is no specific statutory limitation on land size (*i.e.*, "the land on which [the dwelling and appurtenant buildings] are situated and by which the same are surrounded or improved," and "regardless of area"), this Court agrees with the reasoning in *Egbert*.

Here, Debtors claim Parcels I, II and III meet the requirements for a homestead exemption. In other words, Debtors own all of the property, no other homestead can be claimed on the property, and the parcels are contiguous. Moreover, they use various buildings and land on all three parcels not only to reside but also to pasture and maintain their horses. In other words, they treat all three parcels as one.

MEMORANDUM OF DECISION - 6

Banner Bank argues that Parcel I should be viewed as independent from Parcel II with its sometimes-rented residence and from Parcel III, on which is located a shop (where a portion of Debtors' business was once generated although, now, it houses their livestock). While Banner Bank argues that "it does not appear" that the lots are used as a single parcel, the stipulated facts show Debtors use appurtenant buildings on Parcels II and III and the land that encompasses the same as part of their homestead, primarily to pasture and care for their horses. While Parcels II and III are not "necessary" for Debtors to maintain a residence, and though they could conceivably be sold separate and apart from Parcel I, that is not the standard applied under the case law construing Idaho's homestead exemption.

Banner Bank cites to Debtors granting it a deed of trust in only Parcel I as their residence in 2008 and not expanding the scope of the Bank's security to Parcels II and III, as evidence that Parcels II and III were not part of Debtors' homestead. *See* Exs. 204-207. However, the stipulated facts do not concede that construction, or Debtors' intent, and Debtors' decision to limit Banner Bank's security interest to one parcel of real property (or Banner Bank's willingness to accept it) is not determinative. Nor would conduct in 2008 alter the stipulated facts as of the time Debtors filed their bankruptcy petition.

Banner Bank also argues that Debtors' assertion they did not currently

MEMORANDUM OF DECISION - 7

reside on the homestead property, which is found within the filed declaration, equates to an "admission" that Parcels II and III were not occupied by Debtors and were not part of Debtors' homestead. *See* Ex. 209. However, Debtors' assertion within their homestead declaration was clearly an error. The legal description provided in that declaration, as stipulated in the facts, encompasses all *three* parcels (I, II and III). *Compare* Ex. 209 *with* Ex. 202 at p.21. Therefore, the assertion that Debtors did not reside on the property went to all *three* parcels, and Debtors clearly resided on Parcel I at the time they filed their declaration. There was no distinction between the parcels within the declaration. Thus, the Court does not draw the conclusion Banner Bank desires. Instead of an admission, the statement appears to be merely an error.

This is not a case where Debtors attempted only to exempt Parcels II and III, asserting they did not currently reside on the same, and abandon Parcel I. Instead, it appears Debtors' declaration, though carelessly worded, was filed in an attempt to clarify that they contended all three parcels made up their homestead property. In filing the declaration, Debtors in no way abandoned their automatic homestead rights. Thus, as long as Parcels I, II and III otherwise qualify for a homestead exemption, nothing in Debtors' declaration affects that right.

Overall, Idaho laws protect Debtors' homestead property, no matter the size or the number of legal parcels, as long as that property is contiguous and used as a

MEMORANDUM OF DECISION - 8

whole. Here, Parcels I, II and III meet that criteria. To the extent Banner Bank objects to the overall size of the property claimed, "[c]reditors' interests are protected . . . , as the Legislature designed, by the limitation that only [$100,000] in equity in the property may be claimed as exempt." *Zantman*, 261 B.R. at 43.

**CONCLUSION**

Banner Bank had the burden to prove Debtors' claimed exemption was not proper, and it did not carry its burden. Therefore, Banner Bank's objection will be overruled. Debtors' counsel will provide a form of order consistent with this Decision.

DATED: January 7, 2014



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 9